In the United States District Court
Eastern District of Texas
Sherman Division

| James Dowd | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00125-SDJ |
| | § | |
| TubeMaster, Inc. | § | |
| | § | |
| Defendant. | § | |

**Plaintiff James Dowd's Response to Motion to Set Aside Partial Default Judgment or, in the alternative, Motion to Vacate Partial Default Judgment and Brief in Support**

Plaintiff James Dowd files this Response to TubeMaster, Inc.'s Motion to Set Aside Partial Default Judgement or, in the alternative, Motion to Vacate Partial Default Judgment and Memorandum in Support and states:

## I. Statement of the Case

Plaintiff James Dowd sued TubeMaster, Inc. ("TubeMaster") in Collin County, Texas on September 30, 2020. Dowd is a citizen of Texas. TubeMaster, a Kentucky corporation does not maintain a registered agent to do business in Texas.

Dowd served TubeMaster through the Texas Secretary of State under Tex. Civ. Prac. & Rem. Code § 17.026. The Secretary of State forwarded the Citation and the Petition to TubeMaster on October 12, 2020. The citation and lawsuit were returned to the Secretary of State on October 30, 2020 with the notation "unable to forward/for

review." After receipt of the returned citation, the Secretary of State issued its certificate confirming service on November 12, 2020. (Exhibit 1). Dowd filed the Secretary of State certificate with the State Court on November 23, 2020. (Exhibit 2).

TubeMaster failed to timely answer. Dowd then moved for default judgment. (Exhibit 3). The State Court entered a Partial Judgment by default on January 11, 2021. (Exhibit 4).

TubeMaster removed this lawsuit to federal court on February 9, 2021 and now seeks to set aside the Partial Judgment entered by default.

## II. Arguments and Authorities

### A. General rules regarding default judgments.

A court may set aside a default judgment only after the defendant shows good cause for it to be set aside. Fed. R. Civ. P. 55(c); 60(b). The party challenging the default judgment must show good cause. *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018). Whether good cause exists is within the discretion of the trial court. *Matter of Dierschke*, 975 F.2d 181, 183–184 (5th Cir. 1992).

Courts typically consider (1) whether the failure to act was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious claim has been presented. However, these factors are not exclusive and other factors may be considered. *Matter of Dierschke*, 975 F.2d at 184–185.

## B. TubeMaster does not have good cause to set aside the default judgment.

### 1. TubeMaster was properly served with the citation and lawsuit.

TubeMaster argues its failure to answer was not willful, alleging it was "not properly served" because the post office returned the citation to the Secretary of State with the notation "Unable to Forward/For Review." (Motion to Set Aside, Dkt. #4, p. 2).

However, per the Texas Supreme Court, when service is allowed on a statutory agent such as the Texas Secretary of State, the designee is not an agent for serving, but *for receiving the process* on the defendant's behalf. *Campus Investments, Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (emphasis added); *Convergence Aviation, Inc. v. Onala Aviation, LLC*, 05-19-00067-CV, 2020 WL 29716, at *3 (Tex. App.—Dallas Jan. 2, 2020, no pet.). In *Campus Investments*, the Secretary of State's certificate showed that the forwarded citation and petition were returned and marked "Attempted-Not Known." *Id.* at 465. However, because the Secretary of State was the agent to *receive* process, the Supreme Court held this was effective service. *Campus Investments, Inc.*, 144 S.W.3d at 466; *Convergence Aviation* at *3. *See also BLS Limousine Serv., Inc. v. Buslease, Inc.*, 680 S.W.2d 543, 546 (Tex. App.---Dallas 1984, writ ref'd n.r.e.).

Here, TubeMaster maintained no registered agent for service in Texas. Dowd served TubeMaster through the Secretary of State. Under Fed. R. Civ. P. 4(e)(1), service of process may be made following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where

service is made. Dowd did just that. It served TubeMaster through the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code §17.026.

When the Secretary of State issued its Certificate verifying that it had received the Citation and Petition and forwarded a copy to TubeMaster, service was completed at that point because the Secretary of State was TubeMaster's agent for *receiving* the citation. *Campus Investments, Inc.*, 144 S.W.3d at 466.

Contrary to TubeMaster's argument, Dowd did not "attempt" to serve TubeMaster. Per the Texas Supreme Court, Dowd successfully and properly served TubeMaster.

Courts have upheld default judgments when an agent has been served with the summons, but the defendant did not receive it due to some mailing error. *See, e.g.*, *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *Baez v. S. S. Kresge Co.*, 518 F.2d 349 (5th Cir. 1975). Though those cases did not deal involve the Secretary of State as the agent for receipt of the summons, the summons was properly served on an agent for the defendant in these cases. While the agents involved in those two cases did notify the defendant of the filing of the lawsuits in some fashion, Dowd contends that TubeMaster was put on notice of this lawsuit when its agent for service of process was correctly served. Had TubeMaster maintained a registered agent in Texas, this entire problem would have been averted as Dowd could have served its registered agent directly.

### 2. Dowd will be prejudiced if the default is set aside.

Dowd understand that the case law holds there is no prejudice to setting aside a default judgment if the only harm done is to require Dowd to prove his case. *Lacey v. SitelCorp.*, 227 F.3d 290 (5th Cir. 1960). However, if Dowd can show that the delay may cause the loss of evidence, increased difficulties in discovery or greater opportunities for fraud and collusion, prejudice may exist. *Id.* at 293.

The delay will cause Dowd prejudice here. As alleged in Dowd's petition, TubeMaster agreed to pay Dowd a bonus based on a large licensing transaction. The third and final bonus installment was due to be paid to Dowd in February 2021. (Dkt #2, p. 4). The bonus payment schedule was structured that way because TubeMaster would receive the license payments from its customer every 18 months with the final payment in February 2021. Dowd was to be paid his contractual salary and benefits through the end of 2021.

If the default judgment is set aside, there is a likelihood that TubeMaster will dispose of this large asset upon which Dowd could execute his judgment. This risk that TubeMaster could dispose of this large asset is the very kind of prejudice that weighs against setting aside the default. *United Healthcare Ins. Co. v. Holley*, 4:14-CV-00630, 2017 WL 5668009, at *3 (E.D. Tex. Mar. 6, 2017), aff'd sub nom. *UnitedHealthcare Ins. Co. v. Holley*, 724 Fed. Appx. 285 (5th Cir. 2018). For this reason, Dowd would be prejudiced if this default judgment is set aside.

### 3. TubeMaster asserts defenses to Dowd's claims.

Dowd recognizes that TubeMaster need show only it has a defense to his claims and it has done so. Though Dowd contends that TubeMaster's defenses will not succeed, Dowd does not challenge this element of the test.

### C. If the default judgment is set aside, Dowd requests that the court award his attorneys' fees related to the default judgment.

If the Court sets aside the default judgment, Dowd asks the Court to order TubeMaster to reimburse Dowd for all attorney's fees incurred related to his obtaining the default judgment. Imposing conditions in an order vacating a default judgment is frequently used to mitigate any prejudice which the plaintiff will suffer by allowing the defendants to plead. *G & C Land v. Farmland Mgmt. Services*, 5:12-CV-134-C, 2012 WL 12863112, at *3 (N.D. Tex. Oct. 12, 2012). Another court ordered such relief as it recognized that the defaulting defendant was not faultless. *Hartline Dacus Barger Dreyer LLP v. Hoist Liftruck Mfg., Inc.*, 3:16-CV-1174-L-BK, 2017 WL 394526 (N.D. Tex. Jan. 6, 2017), report and recommendation adopted sub nom. *Hartline Dacus Barger Dreyer LLP v. Hoist Lifttruck Mfg., Inc.*, 3:16-CV-1174-L, 2017 WL 366372 (N.D. Tex. Jan. 25, 2017).

In one Eastern District case in which the court vacated a default judgment, the Court stated that the defendant should pay reasonable attorney fees and costs with the efforts to obtain the default judgment. *Hopkins v. Hartford Underwriters Ins. Co.*, CIV.A. 2:04CV387, 2005 WL 1399663 (E.D. Tex. June 3, 2005). The court ordered the parties to

meet and confer to determine the amount of the fees and costs. *Id.* at *1. Dowd requests this Court enter such an order if it sets aside the default judgment.

### III.    Conclusion

Because TubeMaster does not meet its burden to show good cause to set aside the default judgment, Dowd requests that the Court deny TubeMaster's motion. If the Court does set aside the default judgment, Dowd requests that the Court award Dowd the fees he incurred related to the default motion and such other and further relief to which he is justly entitled.

Respectfully submitted,

/s/ Karen K. Fitzgerald
Karen K. Fitzgerald
State Bar No. 11656750
karen@fitzgerald.law
Fitzgerald Law, PLLC
8150 N. Central Expy, 10th Floor
Dallas TX 75206
(214) 265-9958

Counsel for Plaintiff James Dowd

**CERTIFICATE OF SERVICE**

I certify that on March 1, 2021, I electronically filed the foregoing using the Court's ECF system. The ECF system sent a "Notice of Electronic Filing" to these individuals who have consented in writing to accept this Notice as service of this document by electronic means:

Craig A. McDougal

Raymond Fischer
Camille D. Griffith
Kilpatrick Townsend & Stockton, LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201

/s/ *Karen K. Fitzgerald*
Karen K. Fitzgerald