IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES DOWD | § | |
|    Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL No. 4:21-CV-00125-SDJ |
| | § | |
| TUBEMASTER, INC. | § | |
|    Defendant. | § | |

**DEFENDANT TUBEMASTER, INC.'S REPLY IN SUPPORT OF
MOTION TO SET ASIDE PARTIAL DEFAULT JUDGMENT OR, IN THE
ALTERNATIVE, MOTION TO VACATE PARTIAL DEFAULT JUDGMENT**

Defendant TubeMaster, Inc. ("TubeMaster" or "Defendant") files this this reply brief in support of its Motion to Set Aside Partial Default Judgment or, in the alternative, Motion to Vacate Partial Default Judgment (Defendant's "Motion to Set Aside") and respectfully shows as follows:

**I. INTRODUCTION & SUMMARY OF THE ARGUMENT**

Under Fifth Circuit precedents, default judgments "are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). The Rules of Civil Procedure "are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Defendant's failure to answer this suit in a timely manner was not intentional or caused by any negligent act by Defendant. As a matter of equity, this Court "should not be agnostic" on this issue, but rather, favor granting Defendant's motion. *Lacy*, 227 F.3d at 292. Setting aside the entry of default best

serves the interests of justice. In a case where Plaintiff does not dispute that Defendant has meritorious defenses, it nevertheless seeks a harsh, inequitable, and improper result. Plaintiff has not cited any legitimate prejudice to himself in the event the Motion is granted and merely cursorily cites cases for principles of law while ignoring the factual posture of the cases which are detrimental to Plaintiff. The Court should set aside or vacate the Partial Default Judgment.

## II. ARGUMENT & AUTHORITIES

Each of the three factors to be considered in setting aside a default under Rules 55(c) and 60(b)(1) – the willfulness of the defendant's failure to act, potential prejudice to the plaintiff, and the merit of the defense presented – favors a set aside or vacation here. Plaintiff has conceded the third factor of the test, so Defendant addresses herein the first and second factors.

First, Defendant's Motion to Set Aside demonstrates that Defendant's failure to respond sooner was not *willful* under Rule 55(c) and was excusable under Rule 60(b)(1). Defendant did not respond sooner because it did not receive either the mail or any notice of the mail sent by the Texas Secretary of State. Defendant's first notice of the state court action Plaintiff filed came on January 19, 2021, when Defendant received a letter from the state court notifying Defendant of a trial date. Promptly after receiving this, Defendant properly removed this case to federal court and moved to set aside and/or vacate the Partial Default Judgment. Notably, Plaintiff does not dispute that Defendant did not receive the process mailed by the Texas Secretary of State and does not dispute that Defendant's first notice of the state court action came on January 19, 2021 and does not dispute federal diversity jurisdiction. Plaintiff has not shown and cannot show that Defendant's failure to answer was willful. This is not a case where Defendant simply ignored the filing of the Complaint and defied the authority of this Court or the State Court. The precedent cited by the Plaintiff in *Campus Investments v. Cullever* and *BLS Limousine Serv. v. Buslease* are

inapposite to the facts in our case. *See Campus Investments, Inc. v. Cullever,* 144 S.W.3d 464, 466 (Tex. 2004); *BLS Limousine Serv., Inc. v. Buslease, Inc*, 680 S.W.2d 543, 546 (Tex. App.—Dallas 1984, writ ref'd n.r.e.). Both *Campus* and *BLS* involve situations where the defendants were negligent in failing to comply with their statutory duties prior to the entry of default. In *Campus*, the court found that the defendants were negligent in failing to update addresses for its registered agent and registered office. *Campus,* 144 S.W.3d at 466. In *BLS*, the Secretary of State forwarded process to defendants but the citations were returned to the Secretary bearing the notation "refused." *BLS,* 680 S.W.2d at 546. The default in the present case, however, was not a willful act of disobedience and Defendant violated no statutory duty, making the present case dispositively distinguishable from the facts in *Campus* and *BLS*.

Plaintiff's reliance on *Lacy v. Sitel Corp*., 227 F.3d 290, 293 (5th Cir. 2000) actually supports Defendant. Based on the contacts between counsel for the parties prior to the entry of default, the Fifth Circuit in *Lacy* found that the defaulting party was not guilty of a willful default. *Id.* at 292-93. Even though the Fifth Circuit found that valid service had been effected by the Plaintiff, the court concluded that "there is nothing in the record to indicate that Sitel's failure to respond was willful." *Id.* at 293. Like the defendant in *Lacy*, Defendant was not ignoring the existence of the Complaint or contesting the authority of this Court to rule on this matter. Since there is no evidence of a willful default, Defendant's Motion should be granted.

Second, there is no potential prejudice to the Plaintiff. This is the only element of the analysis under Rules 55(c) and 60(b)(1) that Plaintiff actually disputes. Plaintiff argues that he will somehow be unable to collect a possible ultimate judgment against Defendant if the Partial Default Judgment is set aside/vacated.

Importantly, Plaintiff's bare claim that Defendant is likely to dispose of assets if the default judgment is set aside is not supported by any declarations or evidence. Plaintiff's reliance on *United Healthcare Ins. Co. v. Holley* is misplaced because the prejudice in that case was based on the defendant's admission that they no longer had the Plaintiffs' money. No. 4:14-CV-00630, 2017 WL 5668009, at *3 (E.D. Tex. Mar. 6, 2017), aff'd sub nom., 724 F. App'x 285 (5th Cir. 2018). Here, there is no evidence that Defendant is likely to dispose of assets or that it would be unable to satisfy a judgment were Plaintiff to ultimately prevail.. Indeed, Plaintiff's argument of prejudice proves more inappropriate given that Plaintiff concedes Defendant has sufficiently shown meritorious defenses to Plaintiff's claims.

Finally, the Court should not award Plaintiff attorney's fees if it sets aside the Partial Default Judgment. As set forth above, Plaintiff was aware the Texas Secretary of State mailed process to Defendant, but that such process was returned to the Secretary of State's office bearing the notation "Unable to Forward/For Review." Despite this knowledge, Plaintiff refused to notify the State Court of the failure of the Secretary of State and wastefully expended fees to seek a partial default rather than notify counsel for Defendant, with whom Plaintiff's counsel had been negotiating prior to filing suit, that the state court action had been filed. As there is no fault or culpability with Defendant regarding failure of service, responsibility for Plaintiff's attorney's fees should stay with Plaintiff.

### III. CONCLUSION

For the foregoing reasons and because Defendant has moved expeditiously to resolve this issue, Defendant respectfully requests that the present motion be granted.

Dated: March 8, 2021.                    Respectfully submitted,

                                                    */s/ Craig A. McDougal*
                                                   **Craig A. McDougal**
                                                   State Bar No. 13569850
                                                   **Raymond Fischer**
                                                   State Bar No. 24038446
                                                   **Camille D. Griffith**
                                                   State Bar No. 24034761

                                                 **KILPATRICK TOWNSEND & STOCKTON LLP**
                                                   2001 Ross Avenue, Suite 4400
                                                   Dallas, Texas 75201
                                                   Tel:    (214) 922-7100
                                                   Fax:   (214) 279-5113
                                                   Email:  cmcdougal@kilpatricktownsend.com
                                                                    rfischer@kilpatricktownsend.com
                                                                    cgriffith@kilpatricktownsend.com

                                                 **ATTORNEYS FOR DEFENDANT**
                                                 **TUBEMASTER, INC.**

## CERTIFICATE OF SERVICE

     This is to certify that a true and correct copy of the foregoing has been served upon counsel of record for via the Court's electronic filing system and e-mail this 8th day of March, 2021.

| | |
|---|---|
| Karen K. Fitzgerald<br>Fitzgerald Law, PLLC<br>8150 N. Central Expy, 10th Floor<br>Dallas, Texas 75206<br>E-mail: karen@fitzgerald.law<br><br>*Counsel for Plaintiff* | Troy Garris<br>Garris Horn, LLP<br>325 N. Saint Paul St., Ste. 3100<br>Dallas, Texas 75201<br>E-mail: troy@garrishorn.com<br><br>*Counsel for Plaintiff* |

                                                 */s/ Craig A. McDougal*
                                                 Craig A. McDougal